977 F.2d 595
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Pavel KINDL, Petitioner
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-9522.
 United States Court of Appeals, Tenth Circuit.
 Sept. 25, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Kindl appeals an order of the Board of Immigration Appeals denying his application for asylum and for withholding deportation. We affirm.
 
 
 3
 Mr. Kindl is a native and citizen of Czechoslovakia. He entered the United States October 2, 1988 as a nonimmigrant visitor authorized to remain until April 1, 1989. After his time to leave, Mr. Kindl requested asylum and the INS responded by charging deportability. Mr. Kindl conceded his deportability and applied for asylum, withholding of deportation and voluntary departure in lieu of deportation.
 
 
 4
 Following a hearing, the Administrative Law Judge concluded Mr. Kindl failed to satisfy his burden of proof for either asylum or for withholding of deportation. Upon appeal, the Board agreed with the ALJ and allowed Mr. Kindl to voluntarily depart this country.
 
 
 5
 Mr. Kindl feared persecution should he return to Czechoslovakia and requested asylum in the United States because while living in Czechoslovakia he: (1) opposed the Communist government; (2) carried messages outside Czechoslovakia for a dissident human rights organization; (3) harbored a member of the Solidarity movement; and (4) smuggled Western media into Czechoslovakia. He felt the Communist government knew of his activities and would retaliate. He has overstayed in the United States. In addition, Mr. Kindl requested asylum because of past persecution. He was occasionally interrogated by police about his conduct outside Czechoslovakia, and his parents were questioned since the lapse of his return date. His parents were not threatened.
 
 
 6
 The ALJ concluded Mr. Kindl had never been persecuted and even considering the fact he overstayed in the United States, there was no reasonable fear of persecution should he return. The Board, on appeal, took administrative notice the Communist government was replaced and concluded Mr. Kindl's fears amounted to speculation his country might revert to Communist rule.
 
 
 7
 The Attorney General has the discretion to grant asylum to refugees. Under 8 U.S.C. § 1101(a)(42)(A) a refugee is a person unable to return to his country "because of persecution or a well-founded fear of persecution."
 
 
 8
 Mr. Kindl asserts the Board ignored his contentions of "past persecution" and argues the BIA must consider this evidence even though the Communist government has been stripped of power and replaced by a government pledged to a commitment to human rights. Stated somewhat differently, Mr. Kindl argues that as he has established past persecution, that alone is sufficient; the fact that he will not be persecuted on his return is immaterial. This argument flies in the face of common sense and explicit statutory law. 8 U.S.C. § 1158(b) permits the Attorney General to terminate a grant of asylum owing to a change in circumstances in the alien's country.
 
 
 9
 Mr. Kindl next complains of the BIA use of administrative notice asking we remand to supplement the record with his evidence of "changed country conditions." Mr. Kindl has not only failed to show an improper use of "administrative notice" but has totally failed to make an offer of proof showing what he might expect to prove.
 
 
 10
 Mr. Kindl's remaining arguments, i.e., that he "merits the favorable exercise of discretion" (he asks us to substitute our judgment for the Board's), and that he "is eligible for withholding of deportation" (look only at 1989 and not to 1992), lack merit and do not warrant further discussion.
 
 
 11
 Whether or not a refugee is granted asylum is a matter that Congress has left to the Attorney General or his designee to decide. INS v. Cardozo-Fonseca, 480 U.S. 421, 450 (1987). Past persecution may create a rebuttable presumption of granting asylum; however, it is clear that such a presumption can be rebutted by a showing the alien is not in danger of being persecuted upon his return. Kapcia v. INS, 944 F.2d 702, 709 (10th Cir.1991).
 
 
 12
 The order of the BIA dated March 12, 1992 is AFFIRMED and the case REMANDED for such other and further action as may be just and reasonable. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3